Reynolds v. CFX                    CV-98-649-M    09/23/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


David C. and Kathryn Reynolds, Individually
and as Shareholders and Principals of
Misfits, Inc., a/k/a Craney Hill Restaurant
& Lounge, Gas Pump Alley, Inc.,
and Dave and Kay Leasing, LLC,
     Plaintiffs

     v.                                        Civil No. 98-649-M

CFX Mortgage, Inc., CFX Bank, and
Bank of New Hampshire Corporation,
     Defendants


                        **O R D E R**


     Having carefully considered the Magistrate Judge's Report
and Recommendation (document no. 25), plaintiffs' objections
(document no. 32), the argument of counsel and exhibits offered
at the supplemental hearing (Order, document no. 31), and having
reviewed de novo those portions of the report's findings and
recommendations to which objection has been made, I hereby accept
and approve the Report and Recommendation for the reasons set
forth therein, and discussed below.

     The supplemental exhibits filed do not assist plaintiff, for
there is no evidence suggesting either that the defendant bank
had knowledge of the imminent noncompliant character of the fuel
tanks or that it somehow orchestrated the loan assumption by
unqualified borrowers in order to obtain some advantage.  The

assumed loan (the major debt at issue) was already guaranteed by the Small Business Administration and the bank's appraiser reported to the bank before closing that "According to the State, he subject's gasoline tanks were installed in 1981; therefore, the tanks need to be replaced no later than the year 2006." Defendant's Exhibit A (id.), Real Estate Appraisal, Craig A. Nichols, at 6.  The record does not provide an evidentiary basis for attributing different knowledge about the tanks to the bank. And, plaintiffs' vague suggestion that the bank was motivated to unfairly induce them to assume the seller's loan on the property in order to avoid possible bank liability for environmentally contaminated property is also not supported by evidence of record and is entirely speculative.  All of which removes any doubt about the Magistrate Judge's determination.

Finally, I note that the Magistrate Judge requested the parties to brief the question of federal jurisdiction.  There is no motion to dismiss for lack of jurisdiction pending, but the court has a sua sponte duty to assure itself that jurisdiction exists.  Plaintiffs argument – that their ostensible federal claims are at least sufficiently well-pled to support an initial jurisdictional assessment – is weak but plausible enough at this stage.  However, should the federal claims meet with pretrial disposition, the state claims will likely be dismissed without

2

prejudice.  See e.g., <u>Camelio v. American Federation, et al.</u>, 137 F.3d 666 (1st Cir. 1998) (if court dismisses foundational federal claims it should ordinarily decline supplemental jurisdiction over state claims).

Conclusion

The Application for Preliminary Injunction to Enjoin Foreclosure (document no. 12) is <u>denied</u>, for the reasons set forth in the Magistrate Judge's Report and Recommendation (document no. 25) and in this Order.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

September 23, 1999

cc:  Stephen H. Roberts, Esq.
     John D. Frumer, Esq.
     William S. Gannon, Esq.